# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CARRIE SANTTI,** on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. 4:17-cv-1243 |
| Plaintiff, | ) ) | JUDGE |
| v. | ) ) | |
| | ) | **COLLECTIVE ACTION COMPLAINT** |
| **MENARD, INC.,** | ) ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Plaintiff, Carrie Santti, by and through counsel, for her Complaint against Defendant, Menard, Inc., states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant conducts significant business in this district and division. That conduct gives rise to this action.

## PARTIES

5. At all times relevant, Plaintiff was a citizen of the United States. At all relevant times, Plaintiff Santti worked for Defendant as a non-exempt hourly employee within this district and division.

6. Defendant is a foreign corporation that conducts business in this district and division. It can be served through its registered agent Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

## FACTUAL ALLEGATIONS

### Defendant's Status as an "Employer"

7. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. Defendant's hourly employees included Plaintiff and the Opt-Ins.

9. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Hourly Employees' Compensation

10. Plaintiff and the Opt-Ins are current or former non-exempt hourly employees of Defendant.

11. Plaintiff and the Opt-Ins frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA.

12. Plaintiff and the Opt-Ins were not paid all of the overtime compensation they earned.

13. Specifically, Defendant has a uniform companywide policy of failing to pay its employees for unscheduled short breaks of twenty minutes or less, as required under the FLSA. This practice has resulted in Plaintiff and the Opt-Ins not being paid for all overtime worked.

14. Plaintiff and each Opt-In have each worked a substantial number of uncompensated hours during the three-year period immediately preceding the filing of this Complaint, which has resulted in significant unpaid overtime.

15. Plaintiff and the Opt-Ins were regularly scheduled to work 40 hours a week or more. Thus, by failing to pay Plaintiff and the Opt-Ins for short unscheduled breaks of twenty minutes or less, Defendant failed to pay Plaintiff and the Opt-Ins for all of their overtime in nearly every week in which they worked.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

17. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff's Consent to Join is attached hereto as **Exhibit A**.

18. The Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees of Defendant during the
> period three years preceding the commencement of this action to

the present who worked more than forty hours in one or more workweeks.

19. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

20. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

21. Plaintiff cannot yet state the exact number of similarly-situated persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## COUNT ONE
**(FLSA Overtime Violations)**

22. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who have joined this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is being filed with this Complaint.

24. The FLSA requires that non-exempt employees be paid at a rate of one and one half times their regular rate for every hour worked in excess of 40 in a workweek.

25. Defendant failed to pay Plaintiff and the Opt-Ins overtime compensation for all hours worked in excess of forty in a workweek.

26. Instead, Defendant has a companywide policy of failing to pay its employees for short unscheduled breaks of twenty minutes or less, which routinely resulted in Plaintiff and the Opt-Ins working hours for which they were not compensated.

27. Defendant's practices resulted in Plaintiff and the Opt-Ins receiving less overtime compensation than they were owed.

28. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

29. As a result of Defendant's violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

D. Award Plaintiff thercosts and attorney's fees incurred in prosecuting this action

and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
Michaela Calhoun (0093546)
Nilges Draher, LLC
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
330-470-4428
sdraher@ohlaborlaw.com
hans@ohlaborlaw.com
mcalhoun@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)

*Counsel for Plaintiff*