IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CARRIE SANTTI,** on behalf of herself and all others similarly situated, ) | CASE NO. 4:17-cv-1243 |
| ) | |
| ) | JUDGE BENITA PEARSON |
| Plaintiff, ) | |
| v. ) | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| ) | |
| **MENARD, INC.,** ) | |
| ) | **FIRST AMENDED COLLECTIVE AND** |
| Defendant. ) | **CLASS ACTION COMPLAINT** |
| ) | |
| ) | **JURY DEMAND ENDORSED HEREON** |

Plaintiff, Carrie Santti, by and through counsel, for her Complaint against Defendant, Menard, Inc., states and alleges the following:

**INTRODUCTION**

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03. Defendant has also violated Ohio Rev. Code Ann. § 4113.15, as it has failed to pay wages due within thirty days.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of [herself] and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law (the "Ohio Class").

4. Plaintiff brings her claims on behalf of all other current and former hourly employees of Defendant's more than 300 retail home improvement stores employed throughout the United States during the preceding three years and through the conclusion of this Action ("Retail Employees").

5. Defendant's retail locations are open to the public and the Retail Employees are engaged in activities designed to service such customers.

6. Plaintiff is not bringing her claims on behalf of employees working for Menard, Inc.'s Midwest Manufacturing Division (the "Manufacturing Employees").[1] Such employees work at various building material manufacturing plants throughout the United States including those located in: Plano, Illinois; Shleby, Iowa; Rochester, Minnesota; Holiday City, Ohio; Shell Rock, Iowa; Valley, Nebraska; Rapid City, South Dakota; Saginaw, Michigan; and, Iron Ridge, Wisconsin.

7. The Manufacturing Employees are engaged in, among other things, the manufacture of building materials such as pre-fabricated trusses, concrete fencing and other things.

8. The Manufacturing Employees are a separate and distinct potential class and collective from the Retail Employees and are subject to different working conditions and policies.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

---

[1] The Manufacturing Employees' claims are the subject of a separate lawsuit styled *Bradley v. Menard, Inc.*, Case No. 2:17-cv-00165 (S.D. Indiana, Terre Haute Division). The lead plaintiff in that lawsuit stated that he "is pursuing his FLSA claim only for himself and fellow employees who worked for Menard, Inc.'s Midwest Manufacturing division. He is not pursuing this claim for any employees of Menard, Inc.'s retail stores." (*Bradley v. Menard, Inc.*, Doc.#9, n.3). As noted above, Ms. Santti is likewise only pursuing her claims on behalf of Defendant's Retail Employees.

10. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

11. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant conducts significant business in this district and division. That conduct gives rise to this action.

## PARTIES

12. At all times relevant, Plaintiff was a citizen of the United States. At all relevant times, Plaintiff Santti worked for Defendant as a non-exempt hourly employee within this district and division.

13. Defendant is a foreign corporation that conducts business in this district and division. It can be served through its registered agent Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

## FACTUAL ALLEGATIONS

### Defendant's Status as an "Employer"

14. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); O.R.C. 4111.03; and, O.R.C. 4113.15.

15. Defendant's hourly employees include Plaintiff, the Opt-Ins, and the Ohio Class.

16. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendant's Failure to Pay for Rest Breaks**

17. Plaintiff, the Opt-Ins, and the Ohio Class are current or former non-exempt hourly retail employees of Defendant.

18. Plaintiff, the Opt-Ins, and the Ohio Class frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA.

19. For example, not including unpaid rest breaks, Plaintiff worked as much as 45 or more hours in many workweeks within the last three years.

20. Plaintiff, the Opt-Ins, and the Ohio Class were not paid for all the overtime compensation they earned.

21. Specifically, Defendant has a uniform companywide policy of failing to pay its employees for unscheduled rest breaks.[2] This practice has resulted in Plaintiff, the Opt-Ins, and the Ohio Class not being paid an overtime premium for all overtime hours worked.

22. Plaintiff, the Opt-Ins, and the Ohio Class have each worked a substantial number of uncompensated hours during the three-year period immediately preceding the filing of this Complaint, which has resulted in significant unpaid overtime.

23. Plaintiff, the Opt-Ins, and the Ohio Class were regularly scheduled to work 40 hours a week or more. Thus, by failing to pay Plaintiff, the Opt-Ins, and the Ohio Class for short unscheduled rest breaks, Defendant failed to pay Plaintiff, the Opt-Ins, the Ohio Class for all of their overtime in most or all of the weeks in which they worked over 40 hours in a workweek.

24. Plaintiff, the Opt-Ins, and the Ohio Class were required to clock-out for all breaks.

---

[2] Plaintiff is not seeking compensation for herself, the Opt-Ins or the Ohio Class for unpaid and uninterrupted meal breaks.

4

25. Plaintiff, the Opt-Ins, and the Ohio Class were generally paid for 10 minutes of two rest breaks in a day[3]. Any amount of time spent on either of these breaks in excess of 10 minutes was unpaid, and the time was not counted as hours worked (the "Unpaid Break Time in Excess of 10 Minutes").

26. When Plaintiff, the Opt-Ins, and the Ohio Class took more than two rest breaks in a day (e.g., to use the rest-room), they were not paid any amount for that break, and the time was not counted as hours worked (the "Stand-Alone Breaks").

27. For example, during the workweek measured from January 31, 2016, through February 6, 2016, Plaintiff received the following paid and unpaid breaks according to time records provided to undersigned counsel by Defendant's attorney:

| Date | Time | Minutes | Paid/Unpaid |
|---|---|---|---|
| 2/1/2016 | 8:16 AM-8:26 AM | 10 | Paid |
| 2/1/2016 | 12:12 PM-12:22 PM | 10 | Paid |
| **2/1/2016** | **12:22 PM-12:25 PM** | **3** | **Unpaid** |
| **2/1/2016** | **4:40 PM-4:50 PM** | **10** | **Unpaid** |
| 2/2/2016 | 7:14 AM – 7:16 AM | 2 | Paid |

---

[3] Defendant's alleged policy attached to its Motion to Dismiss (which Plaintiff does not stipulate is authentic) states that one 10-minute break every 4 hours worked is provided. That is not Defendant's practice, however, as is reflected in time records provided by Defendant to undersigned counsel. Rather, employees are paid for the first two rest breaks, regardless of when they are taken, and how long they last. Employees are not paid for any subsequent rest break of any length.

5

| Date | Time | Minutes | Paid/Unpaid |
|---|---|---|---|
| 2/2/2016 | 10:27 AM – 10:37 AM | 10 | Paid |
| **2/2/2016** | **10:37 AM-10:38 AM** | **1** | **Unpaid** |
| **2/3/2016** | **4:08 PM – 4:19 PM** | **11** | **Unpaid** |
| 2/6/2016 | 8:52 AM – 9:02 AM | 10 | Paid |
| **2/6/2016** | **9:02 AM – 9:03 AM** | **1** | **Unpaid** |

28. According to Defendant's records, Plaintiff was therefore not paid for a total of 26 minutes of rest breaks in the workweek beginning January 31, 2016, and ending February 6, 2016. Of this time, 5 minutes was Unpaid Break Time in Excess of 10 Minutes and 21 minutes was for Stand-Alone Breaks. None of this unpaid time was counted as hours worked for purposes of determining overtime eligibility.

29. Not including unpaid rest breaks, Plaintiff worked 43.73 hours during the workweek beginning January 31, 2016, and ending February 6, 2016.

30. Plaintiff's standard pay rate during the workweek beginning January 31, 2016, and ending February 6, 2016 was $11.00. Her overtime rate was therefore at least $16.50.[4]

31. Thus, for the workweek beginning January 31, 2016, and ending February 6, 2016, Plaintiff was owed over $2.64 for the Unpaid Break Time in Excess of 10 Minutes and over $11.56 for the Stand-Alone Breaks for a combined total of over $14.20 in unpaid overtime and liquidated damages.

---

[4] This does not include the $22.21 in "premium pay" Plaintiff received, which would necessarily increase her statutory regular rate, which is used to compute her applicable overtime rate. Accordingly, Plaintiff's actual overtime rate is higher than $16.50, but information to analyze the correct overtime rate in not presently available to Plaintiff.

6

32. Plaintiff is similarly owed overtime in dozens of other workweeks during the last three years. Upon information and belief, Plaintiff was underpaid overtime in almost every week in which she worked over 40 hours in a workweek. Upon information and belief, Plaintiff is likely owed as much as $50 or more in at least one single workweek due to Defendant's unlawful practices and was underpaid hundreds or thousands of dollars during her career with Menard, Inc.

33. Pursuant to Defendant's express policy, only rest breaks that were deemed excessive or repetitively abusive could potentially result in punishment.

34. Defendant's policy does not provide for punishment of any rest breaks in excess of 10 minutes, or in excess of one in a 4-hour period, or two in a day, that were not deemed excessive or repetitively abusive.

35. Plaintiff was never punished for taking more than one rest break during a 4-hour period, or two in a day. She was never punished for taking a rest break in excess of 10 minutes, although her breaks frequently exceeded 10 minutes.

36. Defendant never set any specific start or end time for any rest break.

37. In 2016, Defendant agreed, in a settlement of an unfair labor practice before the National Labor Relations Board, that: "**WE WILL NOT** maintain and/or enforce a mandatory arbitration program which requires our employees, as a condition of employment, to waive the right to maintain class or collective actions in all forums, whether arbitral or judicial."

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be

7

maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."  Plaintiff's Consent to Join is attached hereto as **Exhibit A**.

40. The Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees at Defendant's retail home improvement stores throughout the United States during the period measured from three years preceding the commencement of this action to the present who: (1) took rest breaks and were not paid for such breaks; and, (2) were not paid an overtime premium for all hours worked in excess of 40 in any workweek, including time spent on rest breaks.

41. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

42. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

43. Plaintiff cannot yet state the exact number of similarly-situated persons, although it is estimated to be a class consisting of thousands of employees. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees at Defendant's retail home improvement stores in Ohio during the period measured from two years preceding the commencement of this action to the present who: (1) took rest breaks and were not paid for such breaks; and, (2) were not paid an overtime premium for all hours worked in excess of 40 in any workweek, including time spent on rest breaks.

46. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

47. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff and other class members for all hours worked in excess of 40 in a workweek; and,

> Whether Defendant's failure to pay Plaintiff and other class members for rest break time and failure to count such time as hours worked is lawful.

9

48. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

49. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

50. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Opt-Ins who have joined this case pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is being filed with this Complaint.

54. The FLSA requires that non-exempt employees be paid at a rate of one and one half times their regular rate for every hour worked in excess of 40 in a workweek.

55. Defendant failed to pay Plaintiff and the Opt-Ins overtime compensation for all hours worked in excess of forty in a workweek.

56. Instead, Defendant has a companywide policy of failing to pay its employees for short unscheduled rest breaks, which routinely resulted in Plaintiff and the Opt-Ins working hours for which they were not compensated.

57. Defendant's practices resulted in Plaintiff and the Opt-Ins receiving less overtime compensation than they were owed.

58. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

59. As a result of Defendant's violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court

… shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

60. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

62. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

63. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its hourly workers including Plaintiff, the Potential Opt-Ins and the Ohio Class.

64. Specifically, among other things, Defendant failed to pay Plaintiff and the Ohio Class for all rest breaks and failed to count such time as hours worked. This practice has resulted in an underpayment of overtime premiums due to the Plaintiff, the Opt-Ins and the Ohio Class.

65. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

66. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less

any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

### COUNT THREE
### (Violations of Ohio Revised Code 4113.15)

67. Plaintiff incorporates by reference the foregoing allegations as if fully written herein.

68. Plaintiff brings this claim for violation of Ohio Revised Code 4113.15, on behalf of herself, and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

69. At all times relevant, Defendant was Plaintiff and the Ohio Class' employer for purposes of overtime compensation owed.

70. Defendant violated Ohio Revised Code § 4113.15, by failing to pay overtime compensation to its hourly workers including Plaintiff and the Ohio Class within thirty days of their regularly scheduled payday.

71. The number of hours and minutes actually worked by Plaintiff and the Ohio Class is reflected in time-clock records maintained by Defendant.

72. Ohio Revised Code Ann. § 4113.15 provides that Defendant, having violated § 4113.15, "is liable to the employee in the amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins, and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages permitted by law; and,

E. Award Plaintiff his costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Michaela Calhoun (0093546)
Nilges Draher, LLC
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
330-470-4428
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com
mcalhoun@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

/s/ *Hans A. Nilges*
Shannon M. Draher (0076017)

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July 2017, the foregoing *First Amended Complaint* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Hans A. Nilges*
Hans A. Nilges (0076017)

*Counsel for Plaintiff*