PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARRIE SANTTI, | ) | |
| | ) | CASE NO. 4:17CV1243 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | **ORDER** [Resolving ECF No. 40] |

Pending is Defendant Menard, Inc.'s Motion to Stay Temporarily, Pending the Decision by the United States Supreme Court in *Epic Systems Corp. v. Lewis*, Case No. 16-285, Or, in the Alternative, to Compel Arbitration (ECF No. 40). Defendant subsequently filed a notice to withdraw, without prejudice, the portion of its motion (ECF No. 40) that seeks to compel arbitration. ECF No. 42. Plaintiff filed an opposition (ECF No. 50), and Defendant replied (ECF No. 53). Plaintiff filed a Sur-Reply (ECF No. 67).[1] For the reasons set forth below, the Court grants Defendant's Motion to Stay (ECF No. 40).

---

[1] On October 23, 2017, Plaintiff filed a Motion to Disregard Portions of Defendant's Reply in Support of Its Motion to Stay, Or, in the Alternative, For Leave to File a Sur-Reply to Defendant's Reply in Support of Motion to Stay (ECF No. 55). Plaintiff sought to respond to, what Plaintiff alleged were, Defendant's new facts and arguments concerning its Motion to Stay (ECF No. 40). The motion was unopposed. ECF No. 57. For good cause shown, the Court granted Plaintiff's Motion for Leave to File a Sur-Reply. ECF No. 63.

(4:17CV1243)

## I. Background

In her First Amended Collective and Class Action Complaint (ECF No. 10), Plaintiff alleges that Defendant failed to pay her wages and overtime for certain "rest" breaks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03. ECF No. 10. Plaintiff brings her claims on behalf of herself and all other similarly-situated current and former hourly employees at Defendant's retail home improvement stores. *Id.* at PageID#: 80.

In 2015, Plaintiff signed an Employer/Employee Agreement (the "Employment Agreement"), that, Defendant argues, governs the terms of her dispute resolution processes with Defendant. ECF No. 40 at PageID#: 289. Specifically, Defendant contends that the Employment Agreement between the parties provides that, "arbitration shall be the sole and exclusive forum and remedy for all covered disputes of either [party]," and, "that all such arbitration proceeds on an individual rather than class or representative basis." *Id.* Accordingly, Defendant moves to stay this litigation pending the Supreme Court's anticipated decision in *Epic Systems Corp. v. Lewis*, Case No. 16-285 (granting *certiorari*; consolidating with *N.L.R.B. v. Murphy Oil USA, Inc.,* Case No. 16-307 and *Ernst & Young, LLP v. Morris*, Case No. 16-300 for oral arguments) (the "*Epic Systems*" case), auguring that it likely will be dispositive of the issue presented in its motion to stay. *Id.* at PageID#: 284. The question presented in *Epic Systems* is designed to resolve whether such employer-employee agreements limiting class and collective arbitration proceedings are enforceable under the Federal Arbitration Act ("FAA"), notwithstanding provisions of the National Labor Relations Act ("NLRA"). Petition for a *Writ of Certiorari*, No.

(4:17CV1243)

16-285, 2016 WL 4611259, at *i (Sept. 2, 2016), *cert. granted*, 137 S. Ct. 809 (Jan. 13, 2017). In the event, the Supreme Court holds in favor of employers and determines that such collective or class action waiver agreements are enforceable, Defendant seeks to dismiss Plaintiff's FLSA claims and compel arbitration pursuant to the FAA. ECF No. 40 at PageID#: 286.

In her Opposition, Plaintiff argues that she is not prohibited from filing or participating in a collective or class action because (1) Defendant's conduct—signing and providing notice to its employees of the terms of its Settlement Agreement with the National Labor Relations Board (the "Settlement Agreement")—established that Defendant waived its right to pursue arbitration and/or is estopped from compelling arbitration; and (2) the parties to the Settlement Agreement intended to permit former as well as current employees to bring collective actions under the FLSA in court, as evidenced by the current employment agreements. ECF No. 50 at PageID#: 411–13. Plaintiff further contends that a stay should not be granted because the outcome of *Epic Systems* "has nothing to do with this case" in which Defendant expressly waived its right to enforce class or collective action waivers against its employees. *Id.* at 408. Furthermore, Plaintiff argues that Defendant's Motion to Dismiss (ECF No. 5), that is now moot, and withdrawal of its Motion to Compel Arbitration (ECF No. 42) supports her position that Defendant waived its right to arbitrate by engaging in a course of conduct completely inconsistent with reliance on an arbitration agreement or resulting in actual prejudice to Plaintiff or the putative class. *Id.* at 418–19 (citing *Gunn v. NPC Int'l, Inc.*, 625 F. App'x 261, 263–64 (6th Cir. 2015)).

.                                          3

(4:17CV1243)

In reply, Defendant asserts that Plaintiff's challenges to the validity and enforceability of the Arbitration and Waiver Provisions of the Employment Agreement hinges on the Supreme Court's holding in *Epic Systems*, and, therefore, all matters should be stayed pending the outcome of this case. ECF No. 53. Defendant also contends that the National Labor Relations Board ("NLRB") implicitly agrees with its analysis, based on its October 19, 2017 letter to Defendant stating that no further action will be taken against Defendant because Defendant withdrew its alternative argument that the courts compel arbitration, and that the NLRB will reconsider the *Murphy Oil* issues following the Supreme Court's decision in *Epic Systems*. *Id.* at PageID:# 533; ECF No. 53-1 at PageID#: 549. In response to Defendant's alleged new facts and arguments, Plaintiff argues that the NLRB did not endorse Defendant's request for a stay.[2] ECF No. 67 at PageID#: 749.

## II. Standard of Review

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) (citing *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (holding that "the District Court has broad discretion to stay proceedings as an

---

[2] As indicated above, Plaintiff requested leave to file a sur-reply, seeking to respond to, what Plaintiff alleged were, Defendant's new facts and arguments concerning the October 19, 2017 letter Defendant received from the NLRB. ECF No. 55 at PageID#: 558. The Court granted Plaintiff leave. ECF No. 63.

(4:17CV1243)

incident to its power to control its own docket.")); *see also* Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "[T]he burden is on the party seeking the stay to show that there is a pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." Ohio Envtl. Council, 565 F.2d at 396.

### III. Discussion

Defendant moves to stay proceedings in this action pending the Supreme Court's decision in *Epic Systems*. ECF No. 40. Plaintiff argues that *Epic Systems* is distinguishable from and will not have a conclusive effect on the present case, and that a stay should not be granted. ECF No. 50. After considering the parties' positions, the Court hereby stays the entirety of the present case pending the Supreme Court's decision in *Epic Systems*.

Defendant contends that the Supreme Court's forthcoming decision in *Epic Systems* warrants the Court staying the present case. ECF No. 40. In its petition for *certiorari* to the Supreme Court, *Epic Systems* seeks review of one issue: "Whether an agreement that requires an employer and employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act." Petition for a *Writ of Certiorari*, No. 16-285, 2016 WL 4611259, at *i (Sept. 2, 2016), *cert. granted*, 137 S. Ct. 809 (Jan. 13, 2017). The Court finds that this issue before the Supreme Court is likely to directly affect the present action because it relates to the substantive question of whether the Employment Agreement Plaintiff signed as a condition of employment is enforceable, despite the NLRB Settlement barring Defendant from engaging in conduct that interferes with employee rights

(4:17CV1243)

established under the NLRA. *See* ECF No. 53 at PageID#: 531–32. Therefore, the Supreme Court's decision in *Epic Systems* may speak to whether collective or class action waivers violate the NLRA, and whether the NLRB Settlement Agreement or any subsequent NLRA-compliance actions taken by Defendant under the Settlement Agreement are enforceable. Accordingly, because it is likely the Supreme Court's decision in *Epic Systems* will apply to the instant case, the motion to stay proceedings until the Supreme Court has spoken is justified.

The Court also finds that a stay at this stage of litigation is not likely to prejudice or harm Plaintiff, the putative class, or the public. Although Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 46) is currently pending before the Court, Plaintiff and potential opt-ins will not be prejudiced, as the Court has the authority to toll the statute of limitations for putative class members and, hereby tolls the statute of limitations, to the extent necessary to protect causes of actions put at risk by the stay. Additionally, in the likelihood the Court grants Plaintiff's motion to conditionally certify a class, all processes with respect to notifying potential plaintiffs of the instant litigation will be adequately adhered to by both parties at the appropriate stage. Lastly, staying the instant action will preserve judicial resources by enabling the Court to appropriately decide the issue of the enforceability of arbitration provisions based on the outcome of *Epic Systems*, in which oral argument occurred in October 2017 and a decision should be issued before the end of the Supreme Court's current term.

For all these reasons, the Court grants Defendant's motion to temporarily stay (ECF No. 40).

(4:17CV1243)

### IV. Conclusion

For the reasons set forth above, Defendant's Motion to Stay (ECF No. 40) is granted. All remaining motions, including Plaintiff's motion for conditional class certification and court-authorized notice (ECF No. 46), motion for partial judgment on the pleadings (ECF No. 51), and motion for leave to file a second amended complaint (ECF No. 58), will be held in abeyance pending the Supreme Court's decision in *Epic Systems*. Those matters not addressed herein are not resolved by this ruling. This case shall be administratively closed until the conclusion of the stay.

IT IS SO ORDERED.

| | |
|---|---|
| December 21, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |